IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ANDREW MCCLURE**                                                       **PETITIONER**

**V.**                                              **NO. 4:21-CV-19-DMB-RP**

**WASHINGTON COUNTY**                                      **RESPONDENT**

**OPINION AND ORDER**

Before the Court is Andrew McClure's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. Washington County has moved to dismiss the petition for failure to state a claim upon which relief can be granted or, in the alternative, failure to exhaust available state court remedies. For the reasons below, dismissal of the petition will be granted.

**I**
**Background and Procedural History**

On August 11, 2018, Andrew McClure was arrested and booked into the Washington County Detention Center.[1] Doc. #13-1 at PageID 68. On September 6, 2018, the trial court appointed a public defender to represent McClure on the charge of murder. Doc. #13-2. On May 22, 2019, the trial court granted McClure's motion for bond reduction and reduced his bond from $150,000 to $100,000. Doc. #13-3 at PageID 70–71.

During the July 2019 term, a grand jury indicted McClure on the charge of murder and the indictment was subsequently filed and recorded in the Washington County Circuit Court on September 24, 2019. Doc. #13-4. The following month, on October 29, 2019, McClure, through counsel, filed a "Demand for Speedy Trial and Request for Discovery." Doc. #13-5. The same day, McClure filed a "Motion to Continue" the November 4, 2019, trial setting "until the next

---

[1] The booking report states "hold for Leland Police Dept" under the charge heading. Doc. #13-1 at PageID 68.

week of court" because "discovery [wa]s not complete at [that] time." Doc. #13-8. Consequently, on November 4, 2019, the trial court granted McClure's motion and continued the trial "until the next available setting of court." Doc. #13-10. The trial court's criminal docket reflects that Michael Anthony Williams was added as counsel for McClure on November 5, 2019. Doc. #13-6 at PageID 76.

Some months later, on February 3, 2020, the trial court granted an ore tenus motion by McClure's defense counsel to continue the trial setting "until the [c]ourt's next available setting" because defense counsel was "still investigating." Doc. #13-11. It appears the trial court reset the case for May 26, 2020, as the State had subpoenas issued for witnesses to appear on that date. Doc. #13-6 at PageID 77.

The criminal docket reflects that Patricia Rodgers was appointed as McClure's attorney on August 10, 2020. Doc. #13-6 at PageID 77. On August 12, 2020,[2] McClure filed a pro se motion for dismissal of the charges against him on the ground of justifiable homicide, arguing he acted in self-defense and citing the Castle Doctrine. Doc. #13-13 at PageID 92. On September 8, 2020,[3] the trial court denied McClure's motion for dismissal as "not well taken." Doc. #13-15. The same day, the trial court granted McClure's second motion for bond reduction and reduced his bond amount from $100,000 to $75,000 with curfew. Doc. #13-14. It appears trial was continued again as the State subpoenaed witnesses to appear on September 14, 2020. Doc. #13-6 at PageID 78.

On September 17, 2020, the trial court entered an order denying McClure's pro se ore tenus motion for new counsel, finding there was "no basis to remove current counsel [Rodgers]." Doc.

---

[2] Though signed by McClure on August 10, 2020, see Doc. #13-13 at PageID 94, the document was received and filed on August 12, 2020, id. at PageID 92. The Court references the date a document was filed in the state court.

[3] The order is dated September 3, 2020, but stamped as "Received & Filed" on September 8, 2020. Doc. #13-15.

#13-16. On October 5, 2020, McClure sent a letter titled, "Ineffective Assistance of Counsel Complaint," proclaiming he was dissatisfied with Rodgers' representation and asking that a different attorney be appointed. Doc. #13-17. Rodgers subsequently moved to withdraw as McClure's counsel. *See* Doc. #13-18.[4] Granting the motion to withdraw on October 30, 2020, the trial court appointed Kellie Koenig as McClure's new defense counsel. Doc. #13-19.

It appears the trial was reset for November 2, 2020, and then again for February 1, 2021, based on the State's issuance of subpoenas for its witnesses to appear on those dates. *See* Doc. #13-6 at PageID 79–80.[5] The trial court, however, signed an order on February 1, 2021, granting an ore tenus motion for a continuance.[6] Doc. #13-22. Also on February 1, 2021, McClure signed and submitted another letter indicating his displeasure with his former counsel Rodgers and current counsel Koenig and asking that the court appoint a different attorney. Doc. #13-20.

A few months later, Koenig moved to withdraw as McClure's counsel. Doc. #13-24.[7] Granting Koenig's motion, the trial court appointed Tucker Gore as McClure's new defense counsel on May 17, 2021. Doc. #13-25. According to Washington County, as of the date the motion to dismiss here was filed, an Assistant District Attorney for the Washington County District Attorney's Office advised that McClure's case was set for trial sometime during the term beginning late July 2021. *See* Doc. #13 at 7.

---

[4] Rodgers asserted that she had "been attempting to communicate and discuss the case with [McClure]," noting that McClure had filed numerous motions to remove the Public Defender as counsel and opining that her relationship with McClure had deteriorated such that it was in "the best interest of all parties" that new counsel be appointed. *See* Doc. #13-18 at PageID 102.

[5] Washington County posits these continuances likely resulted due to the COVID-19 pandemic. *See* Doc. #13 at 4 n.3. While nothing presented confirms such, the Court finds it likely given how the pandemic has undisputedly disrupted the normal course of business in all professions, including the judiciary.

[6] The order does not state whether the motion was filed by McClure's counsel or the prosecution but reflects it was prepared by Koenig. Doc. #13-22. The docket indicates the motion was filed by McClure. Doc. #13-6 at PageID 80.

[7] In the motion, Koenig represented there was a "conflict" such that "in the interest of justice," she could not represent McClure. *See* Doc. #13-24

3

McClure initiated this federal habeas action on or about February 5, 2021. Doc. #1. At the Court's direction, McClure later submitted the appropriate form for asserting his claims for relief under 28 U.S.C. § 2241. Docs. #4, #8. In his habeas petition, McClure complains about delays in the state court proceedings and the attorneys appointed to represent him in those proceedings and asserts that in relation to the murder charge against him, he acted in self-defense. Doc. #8 at PageID 39–40. As relief, McClure requests that the state charges against him be dismissed and that he be released from the Washington County Regional Correctional Facility. *Id.* at PageID 40.

On June 10, 2021, Washington County filed a motion to dismiss McClure's petition for failure to state a claim upon which relief can be granted or, in the alternative, for failure to exhaust available state court remedies. Doc. #13. To date, no response has been filed by McClure.

## II
## Standard

A petition brought under § 2241 may be granted if the inmate "is in custody in violation of the Constitution or laws … of the United States." 28 U.S.C. § 2241(c)(3). A pretrial detainee who has not yet been tried for the offense in question has a right, albeit limited, to invoke federal habeas relief under § 2241. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The scope of the limitation turns upon the type of relief sought. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). A petitioner is generally not permitted to disrupt "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" absent "special circumstances." *Braden*, 410 U.S. at 489, 493. However, "an attempt to force the state to go to trial" may proceed following exhaustion of state remedies. *Brown*, 530 F.2d at 1282–83.

"Special circumstances" are those on which a "federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened." *Vassar-El v. Orleans Par.*

4

*Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018); *see Champer v. Florida*, No. 6:14-cv-1966, 2014 WL 7070079, at *2 (M.D. Fla. Dec. 15, 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971) for the proposition that "special circumstances" under § 2241 usually require a showing of "immediate and irreparable injury"). "Three sets of circumstances typically qualify as 'special': (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Vassar-El*, 2018 WL 4462544, at *2. "[S]pecial circumstances are not necessarily established by the alleged infallibility of the federal claim." *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1974). Even if a petitioner is correct regarding the viability of his or her defenses in the state criminal action, special circumstances are not present where the "threat to the [petitioner's] federally protected rights can be eliminated by the defense of a single criminal prosecution" in state court because the state court is "surely capable of recognizing and vindicating [the petitioner's] position." *Id.*

### III
### Analysis

Section 2241 is applicable here because McClure has not yet been convicted and is thus a pretrial detainee. McClure asks that the state criminal prosecution against him be dismissed and that he be released from state custody. Doc. #8 at 8. Because such requests for relief by McClure seek to disrupt or otherwise prevent the State's prosecution of him on the pending murder charge without proceeding to trial, no federal intervention is warranted under § 2241 unless McClure can show that "special circumstances" exist. *See Dickerson v. Louisiana*, 816 F.2d 220, 225–26 (5th Cir. 1987) ("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

Here, McClure complains of delays in trial proceedings and dissatisfaction with court-appointed attorneys and asserts he acted in self-defense with respect to the murder charge. Docs. #1-1, #8. The right to a speedy trial is not a per se "special circumstance." *Dickerson*, 816 F.2d at 226–27 (rejecting petitioner's argument that the Sixth Amendment right to a speedy trial was a per se "special circumstance" because to do so would eliminate the distinction drawn in *Braden* between the disruption of the judicial process versus the enforcement of a speedy trial right). And McClure's displeasure with the different attorneys (at least four) the trial court appointed to represent him[8] does not warrant federal intervention. Finally, his contention that he acted in self-defense can be properly addressed in the state court proceedings.[9] Thus, McClure has failed to state a claim upon which relief can be granted and his petition will be dismissed accordingly.

Alternatively, to the extent McClure seeks only to enforce his speedy trial rights,[10] there is no evidence he filed a motion for a speedy trial in the Washington County Circuit Court. Though he filed a speedy trial demand very early in the state court proceedings,[11] he never *moved* for such relief.[12] Moreover, the same day that demand was made, McClure also moved for a trial continuance, the first of several such motions. *See* Docs. #13-8, #13-11, #13-22. Further, the Mississippi Supreme Court's online docket does not show any filings by McClure in that court.[13] By failing to first seek relief in state court, McClure deprived the State of a fair opportunity to

---

[8] *See* Docs. #13-2, #13-19, #13-25.

[9] Significantly, "[t]he Speedy Trial Clause does *not* prohibit prosecution; it [only] requires prompt prosecution." *Montano v. Texas*, 867 F.3d 540, 545 (5th Cir. 2017) (emphasis added).

[10] The Court sees no such request in the McClure's petition but addresses this *potential* argument out of an abundance of caution.

[11] *See* Doc. #13-6 at PageID 75; Doc. #13-7.

[12] The state court docket shows no motion for speedy trial having been filed. *See* Doc. #13-6.

[13] *See* STATE OF MISS. JUDICIARY, https://courts.ms.gov/index.php (search "General Docket" by name) (last accessed Jan. 7, 2022).

address his claims. *See Braden*, 410 U.S. at 489–90; *Dickerson*, 816 F.2d at 225. As such, his petition, to the extent it may be construed as a request to enforce his speedy trial rights, is properly dismissed due to his failure to exhaust available state court remedies before seeking federal habeas relief.

V
**Conclusion**

Washington County's motion to dismiss [13] is **GRANTED**. McClure's petition for a writ of habeas corpus is **DISMISSED with prejudice** to the extent McClure seeks his pre-trial release and **DISMISSED without prejudice** for failure to exhaust state remedies as to his remaining claims. A judgment will be separately issued.

**SO ORDERED**, this 21st day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

7